WILLIAM F. WALKER AND SAMUEL M. PUCKETT, APPELLANTS, v. GEORGE S. ROBBINS, LLOYD W. WELLS, ABIJAH FISHER, AND ROBERT H. McCURDY.

A bill in chancery will not lie for the purpose of perpetually enjoining a judgment, upon the ground that there was a false return in serving process upon one of the defendants. Redress must be sought in the court which gave the judgment, or in an action against the marshal.

Moreover, the defendant in this case, by his actions, waived all benefit which he might have derived from the false return; and no defence was made on the trial at law, impeaching the correctness of the cause of action sued on, and in such a case, resort cannot be had to equity to supply the omission.

THIS was an appeal from the Circuit Court of the United States for the Southern District of Mississippi, sitting as a Court of Equity.

The facts in the case are set forth in the opinion of the court.

It was argued by *Mr. Freeman,* for the appellants, and *Mr. Crittenden,* (Attorney-General,) for the appellees.

Mr. Justice CATRON delivered the opinion of the court.

William F. Walker, Samuel M. Puckett, and John Lang, filed their bill against Robbins and others, praying a perpetual injunction against a judgment at law recovered in the Circuit Court of the Mississippi District, alleging, among other grounds of relief, that William F. Walker, one of the complainants, was not served with notice to appear and defend the suit at law.

The deputy marshal returned the original writ, "Executed on William F. Walker, 6th of April, 1840, personally." More than ten years afterwards the deposition of the deputy (Cook) was taken in Texas, when he testified that his return was false; that he did not notify Walker, but indorsed the writ executed, intending to execute it after the indorsement was made, and therefore he let it stand, although he never did notify Walker.

Assuming the fact to be that Walker was not served with process, and that the marshal's return is false, can the bill, in this event, be maintained? The respondents did no act that can connect them with the false return; it was the sole act of the marshal, through his deputy, for which he was responsible to the complainant, Walker, for any damages that were sustained by him in consequence of the false return. This is free from controversy; still the marshal's responsibility does not settle the question made by the bill, which is, in general terms, whether a court of equity has jurisdiction to regulate proceedings, and to afford relief at law, where there has been abuse, in the various details arising on execution of process, original,

mesne, and final.  If a court of chancery can be called on to correct one abuse, so it may be to correct another; and in effect, to vacate judgments, where the tribunal rendering the same would refuse relief, either on motion, or on a proceeding by *audita querela*, where this mode of redress is in use.

In cases of false returns affecting the defendant, where the plaintiff at law is not in fault, redress can only be had in the court of law where the record was made, and if relief cannot be had there, the party injured must seek his remedy against the marshal.

We are of the opinion, however, that the return was not false; but if it was, that Walker waived the want of notice by pleading to the action.  The suit was against Walker, Puckett and Lang.  The latter employed David Shelton as his attorney to defend the suit.  Lang told Shelton to put in pleas for all the defendants who had been served with process.  Upon examination, Shelton found that process had been served on Walker, Lang, and Puckett, and he put in a joint plea for them.  Afterwards, Shelton, the attorney, met both Walker and Lang in Jackson, where the court sat, and spoke to them in each other's presence, about the defence of the case; and a conversation was held with them, in which they promised Mr. Shelton that another attor. , William Sciger, should be associated with him in defending the suit.  The questions likely to arise in the case were stated by Lang and Walker, and they were especially anxious to know from Shelton whether Mr. Shields, the principal to the note sued on, would be competent as a witness on their behalf.  The cause was tried at a subsequent term, on the issue made by the plea put in by Shelton, and a verdict and judgment rendered.

No defence was made on the trial at law, impeaching the consideration of the note sued on, either on the ground that Green had not delivered the bank-notes, as stipulated by him; nor on the ground that usury entered into the transaction because the notes were at a discount of from forty to fifty per cent.  Neither was any proof introduced on the hearing of this chancery suit in the Circuit Court, tending to show that Green failed to deliver the bank-notes, although the respondents put the fact in issue; and as the face of the note imported a consideration, no further evidence to sustain it was required from the respondents.

They admit that the bank-notes were at the rate of discount stated in the bill, but insisted they were of equal value to Shields as if they had been at par; and this the bill admits would have been the case, had Shields received them according to his agreement with Green; and there being no proof to the contrary, we

must assume that they were duly received. But whether they were duly delivered or not, is immaterial. The defendants in the suit at law had an opportunity to make their defence there, and having failed to make it, cannot be heard in a Court of Equity. By way of authority, we need only repeat, as the settled rule, what was adjudged in the case of Creath v. Sims, (5 Howard, 204,) that whenever a competent defence shall have existed at law, the party who may have neglected to use it, will never be permitted to supply the omission and set it up by bill in chancery.

This court has never departed from the foregoing rule, nor allowed the circuit courts to depart from it in cases brought here. Nor can we do so without violating the sixteenth section of the Judiciary Act of 1789, in its true sense. Apparent aberrations may be found, but they are only apparent.

We order that the decree below be affirmed.

### Order.

This cause came on to be heard on the transcript of the record from the Circuit Court of the United States for the Southern District of Mississippi, and was argued by counsel. On consideration whereof, it is now here ordered, adjudged, and decreed by this court, that the decree of the said Circuit Court in this cause be, and the same is hereby, affirmed, with costs.