8128

### NEW YORK LIFE INS. CO. v. MOBLEY.

1. SETTING ASIDE JUDGMENTS.—It was the intention of the Constitution and the legislature to abolish proceedings by petition for rehearing and bill of review and to substitute therefor the remedy provided by section 195 of the Code, which when applicable to proceedings to relieve a party of a judgment was intended to be exclusive.

2. IBID.—COLLATERAL ATTACK.—A jurisdictional defect, which does not appear upon an inspection of the record, does not render the judgment void, but only voidable, and any proceeding to have the judgment declared a nullity, other than a motion in a cause, must be regarded as a collateral attack on the judgment.

3. IBID.—An action on the equity side of the Court to set aside a judgment on the ground that it was a nullity by reason of the fact that the summons was not served on the defendant cannot be maintained unless the complaint alleges some other fact entitling plaintiff to equitable relief.

4. IBID.—The allegations that an injunction against the enforcement of an execution is essential to plaintiff's rights; that the property of plaintiff will be taken without due process of law; that the equitable aid of the Court is essential to prevent a multiplicity of suits, under the facts here, do not entitle the plaintiff to equitable relief against a judgment.


Before WATTS, J., Lancaster, November, 1911. Affirmed.

Action by New York Life Insurance Company against Nannie B. Mobley. Plaintiff appeals.

*Messrs. James H. McIntosh, R. B. Allison* and *D. W. Robinson,* for appellants, cite: *The general law:* 17 How. 443; 7 Cranch. 336; Adams Eq. 194; 3 Story Eq. 885; 2 Dan. Chan. Pr. 624; Pom. Eq. Jur., sec. 1364; 51 L. R. A. 875; 2 Freem. on Judg.. sec. 495; 1 Black on Judg., sec 376; 84 Am. St. R. 744; 117 U. S. 665; 155 U. S. 38; 84 U. S. 624; 156 U. S. 38; 117 U. S. 665; 84 U. S. 624; 84 A. S. R. 744. *Law in South Carolina:* 23 S. C. 165; Bail. Eq. 110; 10 S. C. 207. *Direct attack:* 23 S. C. 166; 84 Am.

St. R. 744; Pom., sec. 1364; 84 A. S. R. 744. *Form of action:* 30 L. R. A. 802. *Remedy against officers:* 34 S. C. 462; 84 Am. St. R. 744; 14 How. 584; 51 L. R. A. 876; 1 Black Judgt., sec. 377; 4 McC. 370. *This case does not fall under section 195 of Code:* Pom., sec. 839; 5 Words & Phrases 4540; 103 S. E. 118. *Due process:* 4 Wheat 581; 167 U. S. 414; McGehee on Due Process 76-7, 84; 93 U. S. 274; 167 U. S. 414; 18 Blatch. 1; 182 U. S. 436; 154 U. S. 34; 204 U. S. 8; 195 U. S. 257; 207 U. S. 137; McGehee 90-1; 95 U. S. 715; 85 U. S. 457; 85 S. C. 138. *Hearing is a right:* McGehee 82; 93 U. S. 274; 167 U. S. 414; 74 N. Y. 183-8; 142 N. Y. 95; 18 Wall. 350; 79 S. C. 321; 95 U. S. 714; 85 U. S. 457; 195 U. S. 269; 23 S. C. 13; 27 S. C. 418; 17 S. C. 33. *Definition of discretion:* 1 Bouvier 580; 3 Words & Phrases 2096-8; 47 S. C. 498; 15 S. C. 330; 43 Ala. 303. *Remedy by 195 of Code is within descretion of Circuit Judge:* 56 S. C. 21, 29; 64 S. C. 343; 17 S. C. 403; 53 S. C. 224; 51 S. C. 409; 71 S. C. 444. *Hearing by affidavits is not a legal trial:* 23 S. C. 13; 54 S. C. 473; 62 S. C. 221; 60 S. C. 568-9, 146; 51 S. C. 425. *State cannot deny fundamental rights:* McGehee 160; 175 U. S. 175; 194 U. S. 263; 195 U. S. 269; 93 U. S. 274.

*Mr. J. Harry Foster,* contra, cites: *The order is not appealable:* 25 S. C. 44; 4 S. C. 11; 2 S. C. 393; 70 S. C. 550; 30 S. C. 564. *Remedy is exclusive:* 34 S. C. 452; 35 S C. 612; 56 S. C. 20; 77 S. C. 91; Black on Judg. 354. *Only one form of action:* Code 89; 39 S. C. 480; 40 S. C. 78; 35 S. C. 612; 46 S. C. 490; 57 S. C. 342; 52 S. C. 307. *Motion under sec. 195 is exclusive remedy:* 47 S. C. 263; 51 S. C. 405; 56 S. C. 28; 64 S. C. 342; 14 S. C. 630; 19 S. C. 453; 53 S. C. 222; 10 S. C. 269; 56 S. C. 21; 82 S. C. 505; 70 S. C. 160; 56 S. C. 21; 65 S. C. 133; 46 S. C. 490; 51 S. C. 342; 34 S. C. 462; 49 S. C. 569; 9 S. C. 283; 40 S. C. 78; 39 S. C. 480; 39 S. C. 477; 35 S. C. 612; 45

S. C. 597; 2 Rich. 324; 34 S. C. 452; 41 S. C. 517; 32 S. C. 503; 35 S. C. 612; 46 S. C. 490; 89 S. C. 509. *Void judgment cannot be attacked collaterally:* 24 S. C. 405; 12 Law Ed. 655; 26 Id. 217; 50 Id. 748; 87 Am. St. R. 757; 94 Am. St. R. 843; 23 Am. St. R. 102; 21 Am. St. R. 356; 19 Am. St. R. 806; 34 S. C. 462. *Due process of law:* 78 Am. St. R. 855; 24 L. Ed. 512; 9 S. C. 283; 38 L. Ed. 485; 50 L. R. A. 588; 28 L. Ed. 572; 10 Ency. 301; 43 L. Ed. 226. *Collateral attack:* 56 S. C. 20; 35 S. C. 462; 9 S. C. 283; 52 S. C. 305; 89 S. C. 509; 77 S. C. 509; 17 S. C. 35; 89 S. C. 509; 24 S. C. 405. *Plaintiffs' cause of action is res judicata:* 87 S. C. 135; 81 S. C. 87.

March 11, 1912. The opinion of the Court was delivered by

MR. CHIEF JUSTICE GARY. This is an appeal from an order refusing an injunction, and sustaining a demurrer to the complaint.

The action was brought by the New York Life Insurance Company, for the purpose of having the judgment mentioned in the complaint declared to be null and void, and, in the meantime, of enjoining the enforcement of the execution, issued upon said judgment.

The grounds upon which the plaintiff asks relief are thus summarized by the appellant's attorneys:

"That the plaintiff, which was the defendant in the former action, had never been served with process and had had no opportunity whatever of being heard in the cause which had been instituted against it by the defendant.

"That the service of the summons and complaint, in the action brought by defendant, contained proof of service, such proof consisting of the certificate of the sheriff, that he had served the summons and complaint on one M. L. Beckham, as an agent of the plaintiff company; but in fact and in truth, said Beckham was not an agent of the plaintiff company, took no notice of the paper served upon him, and

gave no information thereof to the plaintiff company; and that plaintiff has at all times had an agent duly appointed and designated according to law, within this State, upon whom service of process could be made.

"That a judgment by default was taken and entered against the plaintiff upon such service, and entirely without the knowledge of the plaintiff, until a short time after it was entered.

"That plaintiff brought this action promptly, after learning of the default judgment.

"That the plaintiff had a good and valid defense to the action, which is set out in the complaint, to the effect that the policy of insurance sued on had lapsed several years before the death of the insured, by reason of the non-payment of the insurance premiums.

"That the plaintiff was prevented from setting up its defense, and from being heard thereon through no fault or negligence on its part, and the judgment rendered against it is unjust; and that it will be inequitable and unconscionable to allow the enforcement of a judgment so taken.

"That the defendant is proceeding to enforce and collect said judgment, which is, in fact, null and void."

The plaintiff alleges, "that unless restrained, the defendant will issue execution on said judgment, and cause the same to be levied on its property, and thereby injure its good name and reputation within said State, by creating the impression, that it is unwilling to pay its just debts, and will harass and annoy it, and interfere with its business in said State. and involve said company in a multiplicity of suits, and will take the property of said company, without due process of law, contrary to the Fourteenth Amendment to the Constitution of the United States, to the great and irreparable injury of said company, for which it can have no adequate remedy at law."

The grounds of demurrer interposed by the defendant's attorney were as follows:

"That the plaintiff has no cause of action, as alleged in the complaint, as the judgment therein set out is not subject to a collateral attack, and that the cause of action pleaded is a collateral attack on the said judgment.

"That the plaintiff has a plain and adequate remedy at law, to wit: a motion in the original cause to vacate, modify or otherwise secure the appropriate relief, under section 195 of the Code, providing for the opening and vacating of a judgment for fraud, inadvertence or excusable neglect.

"That the Code of Civil Procedure, has abolished the form of action set out in the said complaint, and that there is no sanction thereof by the Code of Civil Procedure.

"That the said complaint fails to state facts, sufficient to constitute a cause of action; in that the complaint fails to show, that the plaintiff has not a plain and adequate remedy at law.

"That the complaint on its face shows, that the matters therein have been adjudicated, and the alleged cause of action is *res judicata.*"

His Honor, Judge Watts, made the following order:

"This cause was heard before me pursuant to notice given at Chester, S. C., November 13, 1911, upon the affidavits submitted by plaintiff and defendant, the pleadings of the cause and the demurrer.

"Being of the opinion, that the action by plaintiff will not lie, its remedy being under section 195 of the Code, I decline to grant the restraining order asked for, and the motion is hereby denied."

The plaintiff appealed upon the following exceptions:

1. "Because his Honor held and ruled, that the action of the plaintiff would not lie, it being respectfully submitted, that the action would lie, because:

"(a) The complaint set forth equitable grounds of relief.

"(b) The remedy sought by the plaintiff, was a proper one.

"(c)  The remedy is a direct proceeding, to set aside the judgment, upon the grounds that the same was void, and for equitable relief, as therein set forth, is in the same Court, and between the same parties.

"(d)  Because this is a proper action, as provided in sec. 89, vol. II of the Code of Civil Procedure:

2. "The order of his Honor holding that the plaintiff's action will not lie, and that its remedy is under section 195, and declining to grant an order restraining the defendant, from levying and collecting its execution, it being too late to assert the remedy under these provisions, would deprive the plaintiff of its property, without due process of law, contrary to the Constitution of the United States.

3. "The order of his Honor, denying to the plaintiffs the right, to maintain this action, and declining to restrain the issuance of the execution by the defendant, denies to the plaintiff the equal protection of the law, contrary to law, and to the provisions of the Constitution of this State, and of the United States.

4. "Sec. 195, vol. II of the Code of Civil Procedure does not furnish any remedy in this case, because said section is only applicable to judgments, which were entered through 'mistake, inadvertence, surprise or excusable neglect.' The judgment involved here, was not recovered through the defendant's mistake, inadvertence, surprise or excusable neglect, but was entered without any notice whatever to, or service of process upon the defendant.

5. "That inasmuch as the remedy provided under sec. 195, vol. II of the Code of Civil Procedure, is a right resting in the discretion of the Court, and limited to one year, in the case at bar, where the plaintiff has never been served with process, and has never had an opportunity of being heard according to law, it is not an adequate remedy for the protection of the rights of the plaintiff, and deprives the plaintiff of the equal protection of the law, and takes its property without due process of law, contrary to the

provisions of the Constitution of this State, and the United States."

In the case of *Crocker* v. *Allen,* 34 S. C. 452, 13 S. E. 650, the action was brought by the plaintiff therein, to set aside a judgment previously recovered against her, by the defendant therein, and to obtain an injunction to restrain the enforcement of the execution, issued on said judgment, solely upon the ground, that she was never served with the summons in the former action, and had no knowledge of any such proceedings against her, until her land was advertised for sale under said execution.

Mr. Justice (afterwards Chief Justice) McIver, in delivering the opinion of the Court, used this language:

"Now, as it was well settled, that a court of equity would not entertain a case asking for relief, where the party complaining had a plain, adequate and complete remedy at law, the practical inquiry in this case is, whether, under the former practice, the plaintiff would have had a plain and adequate remedy, for the wrong of which she complains, by motion to the Court, and in the case, in which the judgment in question was rendered. If she had, then she cannot maintain an action on the equity side of the Court, to obtain the redress sought, but must resort to the simpler and less expensive remedy by motion.

"A review of the authorities will show beyond dispute, that the Court of Common Pleas has always obtained and exercised the power to entertain such a motion."

After reviewing the authorities, he proceeds as follows: "These cases unquestionably establish the doctrine, that the proper mode of proceeding to set aside a judgment, prior to the abolition of the court of equity, was by motion to the Court, and in the cause wherein the judgment was rendered, and, therefore, a bill in equity for that purpose, would not be entertained by the court of equity, unless it contained allegations imputing to the case some feature of equitable cognizance; such, for example, as fraud, accident or mis-

take, or unless a discovery was demanded. * * * That the same practice has been recognized, and followed, since the court of equity was abolished as a separate tribunal. * * *

"If it is proposed to show, that the return of the sheriff was false, by evidence *de hors* the record, it should be done by a motion in that case; for, while it stands as it is, it must be regarded as a valid judgment, in any other action or proceeding."

Sec. 3, art. V, Constitution of 1868, which was not repealed by the Constitution of 1895, is as follows:

"That justice may be administered in a uniform mode of pleading, without distinction between law and equity, they (the General Assembly) shall provide for abolishing the distinct forms of action, and, for that purpose, shall appoint some suitable person or persons, whose duty it shall be to revise, simplify and abridge the rules, practice, pleadings and forms of the Courts, now in use, in this State." Section 161 of the Code is as follows: "There shall be no other forms of pleadings, in civil actions, in Courts of record in this State, and no other rules, by which the sufficiency of the pleadings, is to be determined, than those prescribed in this Code of Procedure." Section 195 of the Code provides: "The Court may also in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment; order or other proceeding, taken against him through his mistake, inadvertence, surprise or excusable neglect."

In the case of *Durant* v. *Philpot,* 16 S. C. 125, which was a motion for a new trial, on the ground of after-discovered evidence, Mr. Chief Justice McIver used this language: "Under the practice of the former court of equity it might perhaps have been difficult to sustain the mode of proceeding adopted in this case. Under that practice, a petition for rehearing and a bill of review were sustainable on similar grounds, one of which was newly discovered evidence (*Hewit* v. *Smith,* 3 Rich. Eq. 341); but

a petition for rehearing was the proper mode of proceeding, where the decree had not been signed and enrolled or filed; whereas, after the filing of the decree, the proper mode of proceeding would be, by application for leave to file a bill of review (*Simpson* v. *Downs,* 5 Rich. Eq. 425; *Hinson* v. *Pickett,* 2 Hill Ch. 353); and such bill could not be filed, without leave of the Court. *Simpson* v. *Smith,* 6 Rich. Eq. 364. If, therefore, this should be regarded as a petition for rehearing, it is liable to two objections: First, because the decree has been filed; and, second, the petition is not verified by two counsel. *Ex parte Terry,* Rice Ch. 1; 3 Dan. Ch. Pr. 1623. On the other hand, if it be regarded as in the nature of a bill of review, no leave of the Court to file it seems to have been obtained. It seems to us, however, that since the abolition of the court of equity, and the requirement of the Constitution in sec. 3, art. V, that justice shall be administered in an uniform mode of pleading, without distinction between law and equity, these modes of proceeding, by a petition for rehearing and bill of review, have become inapplicable, and that now the same results can be obtained by motion." * * *

After quoting the foregoing, in *Ex parte Bank,* 56 S. C. 12, 33 S. E. 781, the Court used this language: "From the foregoing it is manifest, that it was intended, to abolish the proceedings by petition for rehearing, and by bill of review, and to substitute therefor the remedy provided by section 195 of the Code, which was intended to be exclusive."

In the case of *Sanders* v. *Price,* 56 S. C. 1, 33 S. E. 731, which was an action for partition, the question arose, whether a judgment could be attacked in that proceeding, on the ground that it was null and void. The Court thus disposed of the question: "The judgment in *Porter* v. *Porter* is not void, but voidable, for the alleged jurisdictional defect is not manifest, from an inspection of the record (which presumptively shows the contrary), but is only made to appear, by evidence *de hors* the record. Such

judgment being merely voidable, is not subject to collateral attack, and must be held as valid and conclusive, until set aside by a direct proceeding, instituted for that purpose, in that cause. * * *

"These actions cannot be considered such direct proceedings, brought for the purpose of impeaching the judgment in question."

The foregoing authorities show: (1) That it was the intention of the Constitution and the legislature to abolish proceedings by petition for rehearing, and by bill of review, and to substitute therefor the remedy provided by section 195 of the Code, which when applicable was intended to be exclusive; (2) that a jurisdictional defect, which does not appear upon an inspection of the record, does not render the judgment void, but only voidable, and that any proceeding to have the judgment declared a nullity, other than a motion in the cause, in which the judgment was rendered, must be regarded as a collateral attack on the judgment; (3) that an action on the equity side of the Court, to set aside a judgment, on the ground that it was a nullity, by reason of the fact, that the summons was not served upon the defendant therein, cannot be maintained, unless the complaint alleges some other fact, entitling the plaintiff to equitable relief.

We proceed to the consideration of the question, whether there are any facts alleged in the complaint herein, entitling the plaintiff to equitable relief; in other words, whether it shows, upon its face, that the plaintiff has a plain and adequate remedy at law.

The first ground upon which the plaintiff relies is, that an injunction is essential to the protection of its rights, from the enforcement of the execution, issued upon the alleged void judgment. It cannot be successfully contended, that this is a ground for equitable interference, for the reason that such relief may be obtained by motion in the cause, in which the judgment was

recovered. This question is settled by the case of *Crocker* v. *Allen,* 34 S. C. 452, 13 S. E. 650, in which the Court says: "It cannot be said, that the necessity for an injunction would be sufficient to give the court of equity jurisdiction; for that relief was always obtainable, by a motion to stay the execution, which the authorities above cited show could have been granted by a Circuit Judge at chambers, even before the enactment of the statute conferring such power."

The contention of the plaintiff, that it is necessary to invoke the equitable aid of the Court, to prevent a multiplicity of suits, is untenable, for the reason that no facts are alleged showing such necessity.

The next ground upon which the plaintiff relies is, that unless restrained, the defendant will take the property of the plaintiff, without due process of law, contrary to the Fourteenth Amendment to the Constitution of the United States.

In the case of *Roberts* v. *Pawley,* 50 S. C. 491, 27 S. E. 913, the Court had under consideration, the validity of a judgment, rendered against joint debtors, when the complaint alleged they were partners, but the summons was only directed to the one who was served. The Court said: "If it should be said, as seems to be argued by counsel for respondents, that the motion should not have been granted, because the defendants failed to show by affidavit, that they had a meritorious defense, or that they had sustained any prejudice, the answer is, that while such a showing may be required, where the motion is to open a judgment by default, upon the ground of some excusable mistake, or negligence, on the part of the defendants, no such showing is required, where the judgment by default is sought to be set aside, because without legal authority; for the obvious reason, that, in the one case, the defendant is asking the favor of the Court, to be excused for his own default, while in the other case, he is simply demanding his legal rights, to be relieved from a judgment, obtained by the plaintiff,

without pursuing the course prescribed by law.    Accordingly it is said in 6 Ency. of Pl. and Prac., at page 176 : 'A motion to vacate or open a default or judgment thereon, because irregular or void, stands on a different footing, from a proceeding for relief, because of mistake in the defaulting party; and in case of excusable neglect, need not be shown, to authorize the Court to grant the order. nor is an affidavit of merits, or a good defense, required.' "

Those authorities show, that a motion to be relieved from a judgment, taken against a party through his mistake, etc., stands upon an entirely different footing, from a motion to set aside a judgment, on the ground that the summons was not served on the defendant, so as to make him a party to the action.    The first of these motions is based upon the conduct of the party making the motion, and is addressed to the discretion of the Court, while the other is merely the assertion of a legal right, founded upon the failure of the *adverse* party, to comply with the requirements of the law, and is not dependent upon the discretion of the Court.

Section 195 of the Code is inapplicable to the second of said motions, which the Court has authority to grant, under the general power of the Court, to relieve against its judgments, on the ground that they are void or voidable.

It will thus be seen, that the plaintiff has a plain and adequate remedy at law and the demurrer was properly sustained.

There was also an appeal from an order, made by his Honor, Judge Gage, refusing to allow the plaintiff to amend its complaint, by alleging fraud.

It has not, however, been made to appear, that his Honor, the Circuit Judge, erroneously exercised his discretion.

Judgment affirmed.

MR. JUSTICE WATTS, *disqualified.*