## KIRK v. DUREN.

JUDGMENT—COLLATERAL ATTACK—EQUITY—CLOUD ON TITLE.—A judgment cannot be attacked collaterally, if valid on its face; and if void upon its face, so as to be disregarded in any proceeding where it might come in question, a court of equity will not entertain an action to set it aside upon the ground that it is a cloud upon the title to land.

Before EARLE, J., Lancaster, July, 1895. Affirmed.

This action was commenced on the 15th day of July, 1887, by M. J. Shaver, and was afterwards continued in the name of his said administrator. During the pendency of this action, M. J. Shaver died, and his administrator, R. M. Kirk, was, by order of Court, substituted in his stead, without making the heirs at law of Shaver parties to the action. The allegations of the complaint were substantially as follows:

I. That one James R. Massey, now deceased, was, in his lifetime, seized and possessed of a certain tract of land, containing 163 acres, bounded by lands of Virginia Davis and others.

II. That, in 1850, the said James R. Massey died intestate, and that under proceedings for the partition of the lands of said deceased, by a decree of the Court of Equity for said county, in the year 1852, duly and regularly made, in an action wherein the widow and other heirs at law of the said deceased were parties, the said 163 acre tract of land was allotted in severalty to Jane Massey, one of the heirs at law, and H. T. Massey, her husband (in right of his said wife), and said Jane Massey and her husband were decreed to pay for equality of partition to Charlotte Jones, an heir at law, and Churchill B. Jones, her husband (in right of his said wife), the sum of $1,637.62½, on the 1st day of January, 1852, with interest thereon from the 1st day of January, 1851, which said sum, by statute, is a lien upon the said tract of land, and that the same nor any part thereof has been paid.

III. That, in 1858, the said Charlotte Jones died intestate, leaving as her sole heirs at law and distributees her husband, the said C. B. Jones, and her daughter, Frederica R. Jones, then an infant three years of age, who afterwards intermarried with one W. H. Green, and that there has been no administration upon the estate of the said Charlotte Jones.

IV. That, in 1860, the said Jane Massey, who survived her husband, died, leaving as her sole heirs at law her children, James R. Massey, Mary E. Massey, and Charlotte A. Massey (now Beckham), and that on the 17th day of February, 1880, the said James R. Massey, Mary E. Massey, and Charlotte A. Beckham, by deed duly executed, conveyed the said tract of land to this plaintiff and one James D. Bailey, who took possession thereof forthwith.

V. That on the said 17th day of February, 1880, the said Churchill B. Jones and Frederica R. Green and her husband, W. H. Green, in writing, under their hands and seals, assigned and transferred for value the statutory lien aforesaid upon the tract of land aforesaid to this plaintiff and the said James D. Bailey; and that in and by the said written assignment and transfer it was stipulated and provided that said decree and statutory lien should stand open to protect them against any intermediate encumbrance upon the said tract of land, and that this agreement was made with the knowledge and consent of the said James R. Massey, Mary E. Massey, and Charlotte A. Beckham, who recognized the said lien as binding the said tract of land, and that plaintiff entered, claiming thereunder.

VI. That thereafter, on the 14th day of June, 1883, the said James D. Bailey assigned and transferred his interest in the decree and statutory lien aforesaid to this plaintiff, and by deed duly executed conveyed to this plaintiff his interest in the tract of land aforesaid, and that this plaintiff has ever since remained in possession of the said tract of land, and is the owner and holder of the decree and statutory lien aforesaid against the said tract of land, which remains wholly unpaid, and that there is now due and owing thereon the sum of $1,637.62½, with interest thereon from the 1st day of January, 1851.

VII. That on the 1st day of December, 1885, to secure the payment of a note for the sum of $500 on that day by this plaintiff to the defendant, Ernest Moore, executed and due one day after date, with interest at the rate of ten per

centum per annum, this plaintiff executed to the said defendant, Ernest Moore, a mortgage upon the said tract of land, and assigned and transferred to the said Ernest Moore such an interest in the said statutory lien as may be sufficient to protect him under his said mortgage. The said Ernest Moore is made defendant, as he declines to be a plaintiff.

VIII. That on the 12th day of July, 1877, in an action in the Court of Common Pleas for the said county, in which the said James R., Mary E., and Charlotte A. Massey, infants, by their next friend, W. J. Cureton, were named as plaintiffs, and the above named defendant, Wylie R. Duren, and others were named as defendants, a judgment was entered up and signed in favor of the said defendant, Wylie R. Duren, and against the said James R., Mary E., and Charlotte A. Massey, for the sum of $601.44, for the costs and disbursements of the said defendant, Wylie R. Duren, in the said action; that under an execution issued upon the said judgment, and at the instance of the said Wylie R. Duren, John P. Hunter, sheriff of the said county, has levied upon the tract of land aforesaid and has advertised the said tract for sale thereunder on the first Monday in July instant, being the 4th day of the said month.

IX. That the action in which the said last mentioned judgment was entered up was commenced on the 8th day of February, 1861, by the said W. J. Cureton, and was for the recovery of a tract of land alleged to be the property of the said James R., Mary E., and Charlotte A. Massey; that the said James R., Mary E., and Charlotte A. Massey were then infants, under the age of twenty-one years, and did not at any time authorize the commencement or sanction the prosecution of the said action, and had no knowledge at any time that the said action was being prosecuted, and had no connection therewith; that the said W. J. Cureton died in the year 1866, and that at the time of his death the said James R., Mary E., and Charlotte A. Massey were infants under the age of twenty-one years; that no one was substi-

tuted in the room or in stead of the said W. J. Cureton as
next friend in the said action, and that the said action was
prosecuted to the end without the knowledge or consent at
any time of the said Jas. R., Mary E. or Charlotte A. Massey.

Wherefore the plaintiff prays: 1. That the said alleged
judgment in favor of the said defendant, Wylie R. Duren,
may be decreed not to be a lien upon the tract of land afore-
said, and that the cloud upon the title of this plaintiff to the
said tract thereby raised may be removed. 2. That if the
said judgment be a lien upon the said tract of land, the de-
cree and statutory lien held by this plaintiff against the
said tract of land may be enforced, the said tract of land be
sold, and the proceeds applied first to the costs and expenses
of this action and the statutory lien held by this plaintiff,
satisfying out of the same the mortgage to the defendant,
Ernest Moore. 3. That in the meantime the defendant,
Wylie R. Duren, be restrained from enforcing the alleged
judgment aforesaid by sale of the said tract of land under
the execution aforesaid. 4. That such other or further re-
lief may be awarded as may be just.

The Circuit Judge dismissed the complaint. The plain-
tiff appeals.

*Mr. Ernest Moore*, for appellants.

*Messrs. R. E. & R. B. Allison*, contra.

Feb. 29, 1896. The opinion of the Court was delivered by

MR. JUSTICE GARY. In order to understand fully the
facts of this case, it will be necessary to set out in the report
of the case the complaint of the plaintiff. As the complaint
shows that the plaintiff was not the owner and holder of
the alleged statutory lien at the time of the commencement
of this action, the Court will not take it into consideration
in disposing of the case. The plaintiff seeks relief on the
equity side of the Court, to set aside the judgment men-
tioned in the complaint, in so far as it purports to be a lien

45—45

on the land described in the complaint, as a cloud upon the title of the plaintiff to said land.

His Honor, Judge Earle, after affirming the report of the referee, Hon. Ira B. Jones, in his decree, says: "There is another view to be taken of this case, which was not urged at the argument, and which seems fatal to the application for injunction: First, the Duren judgment could not be attacked collaterally, if valid on its face; and, second, if void upon its face, so as to be disregarded in any proceeding where it might come in question, then no one would be injured by a sale under it." His Honor then decreed that the temporary injunction be dissolved and the complaint dismissed. The conclusion of his Honor, Judge Earle, is fully supported by the following authorities: *Haigler* v. *Way*, 2 Rich., 324; *Crocker* v. *Allen*, 34 S. C., 452; *Latimer* v. *Ballew*, 41 S. C., 517; *Gillam* v. *Arnold*, 32 S. C., 503, and 35 S. C., 612.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.