## DRAKE & SON v. STEADMAN.

1. TESTIMONY—SUPPLEMENTAL PROCEEDINGS—EVIDENCE.—Testimony of a mortgagor, as to what occurred previous to and at the time of the execution of a mortgage, taken in supplemental proceedings, in a proceeding to set aside such mortgage as a fraud upon creditors, will not be stricken out on motion of mortgagee, because he had no notice of the examination, there being nothing to show that the Circuit Judge considered any testimony of the mortgagor as to what occurred after the execution of the mortgage.

2. MORTGAGE—ASSIGNMENT.—The question whether a mortgage was intended as an assignment, with an undue preference in favor of mortgagee, is one of fact, and the finding of the Circuit Judge in this case, that the mortgage was so intended, is sustained.

3. CONFESSION OF JUDGMENT—ASSIGNMENT LAW—STATUTE OF FRAUDS.—Confessions of judgment made by an insolvent debtor, with no intent on his part or that of his creditor to make a preference, or to hinder, delay or defraud other creditors, and for an amount then actually due, will not be set aside as being a violation of the assignment law or of the Statute of Elizabeth.

4. JUDGMENT—COLLATERAL PROCEEDING—FRAUD—JURISDICTION—CASE DISTINGUISHED.—A judgment cannot be attacked in a collateral proceeding, except upon proof of fraud or want of jurisdiction appearing on face of record. *Ruff* v. *Elkin*, 40 S. C., 69, *distinguished*.

5. JUDGMENT—JURISDICTION—CASE DISTINGUISHED.—The judgments by con-
fession in question do not show on the *face of the record* want of jurisdiction.
*Woods* v. *Bryan*, 41 S. C., 74, *distinguished.* *Query:* Is a judgment by
confession void because the judgment debtor does not reside, at the time
of its entry, in the county in which it is entered?

Before GARY, J., Barnwell, June 27, 1895.    Affirmed.

Action by M. Drake & Son against J. E. Steadman, McGa-
han, Brown & Evans, Marshall, Wescoat & Co., C. Wulbern
& Co., Johnson, Crews & Co., S. R. Marshall & Co., the Im-
perial Fertilizer Co., the Read Fertilizer Co., Bollman Bros.
Co., Melchers & Co., commenced April 7, 1894.   The facts
are fully stated in the Circuit decree following:

The complaint in this action seeks to set aside a chattel
mortgage, executed by the defendant, J. E. Steadman, to
the defendants, McGahan, Brown & Evans, a mercantile
firm doing business in the city of Charleston, on the 20th
day of February, 1894; also a mortgage of the real estate
of the said Steadman, executed to the said McGahan, Brown
& Evans at the same time.   It also seeks to set aside va-
rious confessions of judgment, described in the complaint,
made by the said J. E. Steadman to various creditors, upon
the ground that the same are void under the Statute of
Elizabeth, and upon the additional ground that the two
mortgages and the confessions of judgments to Marshall,
Wescoat & Co., C. Wulbern & Co., Johnson, Crews & Co.,
S. R. Marshall & Co., and the Imperial Fertilizer Company,
were one and the same transaction, and were void under
the assignment of law—see section 2146 of Revised Statutes.
In other words, it is contended by plaintiffs, though the
instruments are in form a chattel mortgage, a mortgage of
real estate and the confessions of judgment, yet they were
intended as an assignment with preference.   After the is-
sues were framed by the proceedings, it was referred to the
master of Barnwell County to take the testimony and re-
port the same to the Court.   The master has reported the
testimony, and the cause was heard by me on the testimony

reported by the master, together with other testimony taken by consent of counsel, and the pleadings in the case. It should be remembered that the confessions of judgment alluded to are subsequent in date to the two mortgages above mentioned.

All the cases bearing upon this subject in this State have been collated and carefully considered by Mr. Justice McIver in the recent case of *Porter* v. *Stricker*, 21 S. E. Reporter, page 633. In this case, the Court says: "From this review of the cases upon the subject in this State the following propositions applicable to the case under consideration are clearly deducible:

"I. That an insolvent debtor may, by a *bona fide* mortgage, which is intended merely as a security for a just debt, prefer one of his creditors.

"II. That if the mortgage is really assigned to operate not as a security merely, but as a means of transferring the debtor's property to the favored creditor, in preference to the other creditors, then it is void under the assignment law.

"III. That the question as to what was the intention is a question of fact."

Testing this case by the above propositions of law, I am of the opinion that I so find as a fact, that the two mortgages executed to Messrs. McGahan, Brown & Evans were intended more than a security to secure them the amount of their claim; but that the same was intended as a means to avoid the assignment act of this State, and was an undue preference over the other creditors; and, consequently, I hold the same to be null and void. With reference to the judgments which are assailed upon the same ground, I fail to find one fact or circumstance in the conduct of the parties to the same that would warrant me in concluding that they were made for any such purpose. On the contrary, their claims seem to have been past due, and were *bona fide* outstanding obligations against the defendant, J. E. Steadman. They had a legal right either to the payment of the

amount due them or to recover a judgment on proper pro-
ceedings.  So the act of the said Steadman in making the
confessions gave them no greater right than the law would
give them.  Besides, as stated above, the judgments were
confessed at a time subsequent to the execution of the mort-
gages.

It is, therefore, ordered, as to said judgments, the com-
plaint be dismissed without prejudice to attack their valid-
ity, in a direct proceeding for that purpose, on the ground
of any defect or any irregularity in form that may appear
in the same.

It appearing from the records in the cause that a receiver
has been heretofore appointed of the property, real and per-
sonal, etc., of the defendant, J. E. Steadman, and as I am
unable to ascertain from the records before me what is the
exact status of said estate, I have thought it advisable not
to undertake to give any directions in this decree, but to
leave the same open, in order that all parties interested
may apply hereafter for such order as will enable said re-
ceiver to disburse whatever funds he may have in his
hands, in accordance with the terms of the same.

The following are the intermediate orders of Judge Nor-
ton referred to:

It appearing to my satisfaction, by the affidavit of J. W.
Lancaster, bearing date the 7th day of April, 1894, that
execution in M. Drake & Son *v.* J. E. Steadman was filed
in his office on the 22d day of March, 1894, directing to
levy on the property of the defendant, J. E. Steadman, and
that he finds the personal property of the defendant, J. E.
Steadman, is covered by chattel mortgage; that the affi-
davit of W. Gilmore Simms, of March 26th, 1894, showing
sundry judgments were transcripted from Orangeburg
County and filed in his office on March 5th, 1894, and
aggregating $8,630; and it appearing from the affidavit
of Theo. Melchers, bearing date April 3d, 1894, that the
defendant, J. E. Steadman, owed only $8,000 on the 12th

December, 1894, and that the confessions of judgment and the said mortgages given by the defendant, J. E. Steadman, amount to nearly three times the sum stated to be due to the said Melchers by the said J. E. Steadman, and from the verified complaint herein that the execution issued by this plaintiff cannot be satisfied, in whole or in part, out of the property of the defendant, J. E. Steadman, by reason of said confession and said mortgages, and from the affidavit of Sheriff J. W. Lancaster, of the 13th day of April, 1895, that said property cannot be levied on by reason of the chattel mortgage for $7,965.80, and from the other affidavits, that executions are wholly uncollectable on account of said mortgages and confessions of judgment, and that defendant had property which he unjustly refuses to apply to satisfy the execution of the plaintiff: I do hereby order and require the said J. E. Steadman to appear before B. T. Rice, Esq., who I appoint special referee to take and certify the examination to this Court, said examination to be held in the town of Denmark, at the office of S. G. Mayfield, on Monday, the 16th day of April, 1894, to be examined and make discovery on oath concerning his property encumbrances by confessions of judgment, executions of mortgages or otherwise; and the said referee shall summons before him, and examine according to law, all witnesses whose testimony would be material.

The report of B. T. Rice, who was appointed special referee of this Court on the 14th day of April, 1894, to hold reference in the town of Denmark, S. C., at the office of S. G. Mayfield, Esq., at 11 o'clock a. m., on Monday, 16th day of April, 1894, having been received and duly certified thereto by the said B. T. Rice to this Court, as required by law, certifying that said examination was duly held, and the defendant, J. E. Steadman, in obedience to the order of this Court, appeared and testified before said referee, and that H. C. Rice and S. D. M. Guess, in obedience to said order, were examined on the part of plaintiff; on motion of S. G. Mayfield, attorney for plaintiff,

It is ordered, that testimony so taken and reported unto me be filed with the clerk of this court for the county of Barnwell.

Further ordered, that the plaintiff be allowed the sum of $25, together with witness fees and disbursements, and that the additional sum of $25 be allowed to the defendant, J. E. Steadman.

From these orders and decree all parties except the defendant holding confessions of judgments appeal on the following exceptions:

To S. G. Mayfield, Esq., plaintiff's attorney, and attorney for defendants, Bollman Bros. Co. and Melchers & Co.; Robert Aldrich, Esq., attorney for defendant, Reid Fertilizer Co.; and Izlar, Lathrop & Brunson, attorneys for remaining defendants. *Take notice:* That the undersigned, attorneys for the defendants, McGahan, Brown & Evans, appellants herein, submit the following exceptions to the decree filed by his Honor, Judge Ernest Gary, herein, and the intermediate orders of his Honor, Judge Norton, bearing date April 14, 1894, and April 26, 1894, upon which this appellant will move the Supreme Court to reverse the said decree and orders aforesaid:

1st. Because his Honor, Judge Gary, erred in holding that the mortgages executed by the defendant, Steadman, to McGahan, Brown & Evans, were intended "more than a security to secure them the amount of their claim, but that the same was intended as a means to avoid the assignment act of this State, and was an undue preference over the other creditors, and, therefore, null and void," as there was absolutely no testimony to sustain such finding.

2d. That said finding was contrary to the overwhelming weight of the testimony in the cause, as the evidence shows conclusively that the said Steadman executed the said mortgages to the said McGahan, Brown & Evans, and the same were accepted by the said McGahan, Brown & Evans in good faith, for the purpose of enabling the said J. E. Stead-

man to continue his business by the advancement of money and supplies, as provided for in the said mortgages, and under said mortgages large advances were actually made by the said McGahan, Brown & Evans to the said J. E. Steadman.

3d. That his Honor· should have held, from the overwhelming weight of the evidence in the case, that the true intention of the said McGahan, Brown & Evans was to promote the business of, the said J. E. Steadman and all of his creditors, and not for the purpose of assisting the said J. E. Steadman in avoiding the assignment act, as held by his Honor.

4th. That under the law in this State a creditor has the right to be secured by his debtor for past advances as well as for future advances to be made upon the strength of the security, and his Honor committed error in not sustaining the mortgages given in this case under the law, where the evidence in the case shows, without contradiction, that at the time the said mortgages were given, the said Steadman was largely indebted to the said McGahan, Brown & Evans, and that said mortgages were given to secure said indebtedness and future advances, which said future advances were made upon the strength of the same in a very large sum.

5th. That his Honor committed error in setting aside the mortgages, and thereby depriving the said McGahan, Brown & Evans of their security for the advances *bona fide* made to the said J. E. Steadman upon the strength of the same.

6th. Because his Honor has failed to note any finding of fact as to the amount which the testimony shows was actually advanced upon the strength of the said securities or of the amount that was due by the said J. E. Steadman to the said McGahan, Brown & Evans at the time the mortgages were executed.

7th. That his Honor, having found as matter of fact that the confessions of judgment in this case were *bona fide* made by the defendant, Steadman, and not as a part of a

scheme with the defendants, McGahan, Brown & Evans, to aid the defendant, Steadman, in avoiding the assignment act, should have also found as a matter of fact, from the weight of the evidence, that the mortgages were likewise *bona fide,* and intended merely as security for a debt already contracted and for future advances to be made.

8th. That the minds of both the mortgagor and the mortgagee must meet in common intent to commit an unlawful act before a transaction can be held to be void; and there is actually no evidence in this cause to show any such intent upon the part of the said McGahan, Brown & Evans, but, on the contrary, the evidence plainly shows that they acted in good faith throughout, and his Honor committed error in not having so held.

9th. That the evidence plainly shows that there was no intention upon the part of the mortgagor or the mortgagee to transfer the legal title to the property covered by the mortgages, which would necessarily have to appear in said evidence to render the mortgages void under the assignment act.

10th. That his Honor committed error in not having ruled out the testimony of the defendant, J. E. Steadman, taken before B. T. Rice, special referee, under an order of his Honor, Judge J. J. Norton, upon this defendant's exceptions, for the following reasons:

1. Because the order of the said Judge was granted upon an *ex parte* application, without the knowledge of these defendants, and the said testimony was taken without the knowledge or consent of these defendants.

2. Because the testimony of a mortgagor against his mortgage is not admissible unless a *prima facie* case of fraud has first been made out.

11th. That his Honor committed error in not having ruled out, as incompetent, the evidence of the said J. E. Steadman relating to these mortgages, taken before the master, inasmuch as a *prima facie* case of fraud had not been

made out against said mortgages, and hence the evidence of the mortgagor against the mortgages was inadmissible.

12th. Because his Honor, Judge Norton, had no authority to appoint a special referee to take testimony in this cause when there is a master in this county qualified to take the same.

Take notice that the plaintiff (appellant), Charles M. Drake, doing business as M. Drake & Son, and the defendants, Melchers & Co. and Bollman Bros. Co., except to the judgment of the Circuit Court, herein rendered on the 27th day of June, 1895, and appeal to the Supreme Court to reverse the same on the following grounds.  Because the Circuit Judge erred:

1st. In dismissing the complaint as to the judgments by confession sought to be set aside as fraudulent.

2d. In finding that said judgments were not in fact fraudulently intended to assign the property of J. E. Steadman to the creditors to whom they were confessed, as undue preferences to them.

3d. In adjudging that said judgments were not fraudulent in law, and, as such, illegal assignments, and refusing to set them aside as void.

4th. In not adjudging that said judgments were, in fact, fraudulently intended to hinder, delay, and defeat this plaintiff and other creditors of J. E. Steadman.

5th. In not adjudging that said judgments were fraudulent in law, because so confessed with the purpose to hinder, delay, and defeat the other creditors of J. E. Steadman, and setting them aside.

6th. In not adjudging that said judgments were void in law, and setting them aside, because they were confessed and entered in the Court of Common Pleas for Orangeburg County, which did not have jurisdiction thereof.

Please take notice that the plaintiffs (respondents), Melchers & Co. and Bollman Brothers Company, defendants (re-

spondents), will, upon the hearing of this cause before the Supreme Court, move said Court to sustain the decree filed by Judge Ernest Gary, setting aside the mortgages of the defendants, McGahan, Brown & Evans, on a ground other than that upon which he based said decree, to wit: That said mortgages were fraudulently intended to hinder, delay, and defeat the plaintiff and the defendants, Melchers & Co. and Bollman Brothers Co., and other creditors of J. E. Steadman, and for that reason are null and void in law, and should be set aside.

Please take notice that the defendant, the Read Fertilizer Company, excepts to the decree of his Honor, Judge Gary, herein as follows:

1. That his Honor erred, as it is respectfully submitted, in not finding that the mortgages of J. E. Steadman to McGahan, Brown & Evans were void under the Statute of Elizabeth as well as under the assignment law, and upon the hearing of the appeal these defendants will urge this ground, in addition to the grounds taken by his Honor, in support of his decree on this branch of the case.

2. That his Honor, the presiding Judge, erred, as it is respectfully submitted, in not holding that the confessions of judgment by the defendant, J. E. Steadman, in favor of sundry parties, were, together with the mortgages to McGahan, Brown & Evans, all one transaction, or parts of the same transaction, or an unbroken series of transactions, designed and intended to hinder, delay, and defeat the just rights of this defendant and other creditors of the said J. E. Steadman.

3. That his Honor, the presiding Judge, erred, as it is respectfully submitted, in not holding that the said confessions of judgment were not *bona fide*, but, irrespective of the said mortgage, were designed and intended to hinder, delay, and defeat the just rights of this defendant and other creditors of the said J. E. Steadman.

4. That his Honor, the presiding Judge, erred, as it is

respectfully submitted, in not holding that the confessions of judgment were intended by the said J. E. Steadman not to secure the debts of the plaintiff in said confessions of judgment, but to indirectly transfer to them his property, to the exclusion of this defendant and other creditors, he, the said J. E. Steadman, being insolvent at the time.

5. That his Honor, the presiding Judge, erred, as it is respectfully submitted, in holding that "the act of the said Steadman in making the confessions gave them (the plaintiffs in the judgments) no greater right than the law would give them." And should have held that the said Steadman was insolvent; that the amounts embraced in said confessions aggregate more than the property of said Steadman is worth; that his avowed purpose was to hold off his creditors from suing him, or to defeat their rights in the event of their suing him; and that the method adopted by him was to confess judgment to the non-suing creditors for more than sufficient to cover all of his property in advance of the time when the suing creditors could get judgment at a regular term of the court, and thus practically to transfer all of his property to the preferred creditors, to the exclusion of this defendant and other creditors who were seeking the rights the law would give them, which is contrary to the spirit of the assignment law, and, therefore, the said confessions of judgment are illegal, null, and void.

6. That his Honor, the presiding Judge, erred, as it is respectfully submitted, in not holding that the said confessions of judgment are invalid, for the reason that they were not entered in their proper county.

*Mr. S. G. Mayfield,* for plaintiff, and Melchers & Co. and Bollman Bros. & Co., defendants, appellants.

*Messrs. Bates & Simms,* for McGahan, Brown & Evans, appellants; and *Mr. Robert Aldrich,* for the Read Fertilizer Co., defendants, appellants.

*Messrs. Izlar, Lathrop & Brunson,* for Imperial Fertilizer

Co., C. Wulbern & Co., Johnson, Crews & Co., Marshall, Wescoat & Co., and S. R. Marshall & Co., defendants, respondents.

March 28, 1896. The opinion of the Court was delivered by

MR. CHIEF JUSTICE McIVER. The plaintiff brought this action in behalf of himself and all other creditors of the defendant, J. E. Steadman, who shall elect in due time to come into this action, and contribute to the expense thereof, for the purpose of setting aside certain mortgages executed by the said Steadman to certain of his creditors, and also for the purpose of setting aside certain judgments confessed by said Steadman to others of his creditors. For convenience the creditors of Steadman may be divided into three classes, and will be designated in this opinion as follows: 1st. Creditors holding mortgages on the property of Steadman. 2d. Creditors holding judgments confessed by Steadman. 3d. Suing creditors, who have obtained judgments against Steadman in ordinary proceedings at law. The plaintiff and certain of the defendants, who, by their answers, practically unite with the plaintiff in seeking the relief demanded in the complaint, belong to the third class. The defendants, Marshall, Wescoat & Co., C. Wulbern & Co., Johnston, Crews & Co., S. R. Marshall & Co., and the Imperial Fertilizer Co., belong to the second class; and the defendants, McGahan, Brown & Evans, belong to the first class. These last named creditors hold two mortgages, both executed on the 20th of February, 1894, to secure a note payable on the 15th of November, 1894, and also such advances as may be made during that year, by the mortgagees to the mortgagor, to an amount not exceeding the sum of $5,000, which were likewise payable on the 15th of November, 1894. One of these mortgages covers all of the real estate of said Steadman, situate in the several counties of Barnwell, Orangeburg, Aiken, and Lexington. The other was a chattel mortgage covering all of the personal property of said Steadman. Both of these mortgages are in the usual

form of such instruments, except that in the real estate mortgage the mortgagees are invested with power to sell the mortgaged premises upon breach of the condition of the mortgage, and that the chattel mortgage contains the following provision: "And it is further understood and agreed by and between the said parties that, in the event of any suits brought against the said J. E. Steadman, or any judgments recovered against him, and any effort being made to levy thereunder upon any of the personal property herein covered by this mortgage, that then and in such case the mortgage shall immediately mature and become enforcible in the same manner as is provided herein upon the breach of any of the other conditions of this mortgage." These mortgages are assailed by the plaintiff in his complaint upon two grounds: 1st. Because they practically amount to an assignment with undue preferences. 2d. Because they were executed with intent to hinder, delay, and defeat the other creditors of Steadman, and are, therefore, void, under the Statute of Elizabeth. The judgments by confession are assailed upon the same grounds, and also upon the further ground that such judgments were originally entered in the county of Orangeburg, where neither the said Steadman nor the plaintiffs in said confessions are, or were, residents at the time said confessions were there entered. The case was heard by his Honor, Judge Ernest Gary, who rendered his decree, holding that the mortgages were intended as something more than a security for the debts which they purported to secure, and were intended as a mode of avoiding the provisions of the assignment law, and secured to the mortgagees an undue preference over the other creditors of Steadman, and were, therefore, null and void. As to the confessions of judgment, he held that they could not be assailed upon any such ground, and he, therefore, rendered judgment that the complaint be dismissed, as to the confessions of judgment, without prejudice to any attack upon their validity, "in a direct proceeding for that purpose on the ground of any

defect or any irregularity in form that may appear in the same.''

From this judgment the defendants, McGahan, Brown & Evans, appeal, alleging error in so much of the judgment as declares the mortgages null and void on the various grounds set out in the exceptions filed by those defendants; and the plaintiff, together with those of the defendants who are acting with the plaintiff, also appeal, alleging error in so much of the judgment as dismisses the complaint as against the confessions of judgment upon the several grounds set forth in the exceptions filed by the plaintiff and the defendants, Melchers & Co. and Bollman Bros. & Co., as well as by the defendants, the Read Fertilizer Company. The decree of the Circuit Judge, together with all of the exceptions above referred to, should be incorporated in the report of this case.

Instead of taking up these exceptions *seriatim*, several of which make the same points, we propose to consider the several questions which we understand to be made by these exceptions. In natural order, we will first take up exceptions ten and eleven, filed by McGahan, Brown & Evans. These exceptions impute error to the Circuit Judge in not ruling out the testimony of Steadman, taken before B. T. Rice, Esq., as special referee, under an order made by his Honor, Judge Norton, in supplementary proceedings to an execution issued on the judgment obtained by the plaintiff against said Steadman. The Circuit Judge does not seem to have made any ruling upon this point; but we think it is obvious that he did not consider any such testimony, for he says in his decree: "After the issues were framed by the proceedings, it was referred to the master of Barnwell County to take the testimony and report the same to the court. The master has reported the testimony, and the cause was heard by me *on the testimony reported by the master, together with other testimony taken by consent of counsel* and the pleadings in the case" (italics ours). And there is no reference in the decree to

any testimony taken by the referee in the supplementary proceedings. Error is also alleged in not ruling out the testimony of Steadman, "relating to these mortgages, taken before the master, inasmuch as a *prima facie* case of fraud had not been made out against said mortgages." Here, again, we find no specific ruling by the Circuit Judge as to this point. The question whether such preliminary proof had been made was for the Circuit Judge to determine. Furthermore, we are not prepared to hold that the testimony of Steadman as to what occurred or passed between himself and the mortgagees, in the negotiations prior to or at the time of the execution of the mortgages, was incompetent; and there is nothing to show that the Circuit Judge considered any testimony of Steadman as to what occurred afterwards. These exceptions cannot, therefore, be sustained. Under this view, it follows that the point presented by the twelfth exception of these appellants becomes immaterial.

The main point presented by these appellants is, that the Circuit Judge erred in holding that these mortgages were intended, not as mere securities for a *bona fide* debt, but as an assignment *in effect* of all the property of the mortgagor securing an undue preference. The law upon this subject has been so recently reviewed and settled in the case of *Porter* v. *Stricker*, 21 S. E. Rep., 635, as to supercede the necessity for any extended observations here. It is there settled that in a case like the present, the question is one of intention, and that is a question of fact. Here the Circuit Judge has found distinctly, that the mortgages were intended as something more than a mere security for the payment of a debt, and were in fact intended as an assignment, with undue preference in favor of the mortgagees. The burden is on those who assail this finding of fact to show error therein; so that the practical inquiry is whether they have succeeded in doing so. It must be remembered that this finding does not necessarily involve any imputation of moral fraud or intentional wrong doing

(*Lamar* v. *Pool*, 26 S. C., at page 447), but the question is whether the parties intended to do that which the statute forbids. A careful examination of the voluminous testimony fails to satisfy us that the Circuit Judge erred in his findings of fact, and, therefore, his findings must be affirmed. Under this view it becomes unnecessary to consider the further question made by the notice filed by some of the parties, of an intention to urge that the conclusion reached by the Circuit Judge should be sustained upon the further ground that these mortgages were made with an intent to hinder, delay, and defeat the other creditors.

Our next inquiry is, whether the plaintiff and those of the defendants acting in concert with the plaintiff, have succeeded in showing that the Circuit Judge erred in sustaining the confessions of judgment? In this also we fully concur in the views of the Circuit Judge. We have been unable to find in the great mass of testimony presented in the case any evidence even tending to show that these confessions of judgment were taken with any view whatever that they should operate, practically, as an assignment, or with any intent whatever to hinder, delay or defeat the other creditors. On the contrary, the evidence clearly shows to our minds that they were taken in the ordinary course of business, just as any other confession would be given and taken. They do not appear to have had the slightest connection with the mortgages. Even Steadman himself does not appear to have conceived the purpose to give these confessions until after the mortgages had been executed; and then that purpose was not the suggestion of his own mind, but was prompted by the advice of a friend, and the evidence is abundant that the plaintiff, in those confessions of judgment, knew nothing of the mortgages when the confessions were taken.

The only remaining inquiry is, whether the Circuit Judge erred in dismissing this complaint as against these confessions of judgment, and remitting the parties to a direct attack upon these judgments upon the ground, as alleged

or claimed, that they were entered in the wrong county. The law upon the subject of the proper mode of attacking a judgment, for any defect not appearing upon the face of the record, has been recently considered at length in the case of *Crocker* v. *Allen*, 34 S. C., 452, and there it was held, that the proper mode of proceeding in such case was by a motion in the cause, and before the Court in which the judgment was obtained and entered. That case was recognized and followed in the subsequent case of *Gillam* v. *Arnold*, 35 S. C., 612. Counsel, however, claim in their argument that this case should be differentiated from those cases by the fact that here fraud is charged, while in those cases no such charge was made, and we have been cited to the cases of *Ruff* v. *Elkin*, 40 S. C., 69, and *Woods* v. *Bryan*, 41 S. C., 74. In the former of those cases, Mr. Justice McGowan, in delivering the opinion of the Court, makes a quotation from Rap. & Lan. Law Dict., to show what is meant by an immunity from a collateral attack on a judgment, in these words: "In an action other than that in which it was rendered, except upon proof of fraud or want of jurisdiction," and reliance is placed upon those words to sustain the contention on the part of the plaintiff and those acting with him. But, it will be observed, that in that case there was an agreement that the defendant should have the right to introduce any evidence or make any point, which he could introduce or make in any direct proceeding to vacate the judgment. Inasmuch as any objection to *the mode of proceeding* in that case was expressly waived, we can hardly regard that case as of any authority upon the point we are considering. Besides, under the express term of the quotation from the Law Dict., the exception only applied where there was "proof of fraud," and here the Circuit Judge had found that the fraud was not proved.

As to the other branch of the exception—proof of want of jurisdiction—that must mean proof on the *face of the record* of want of jurisdiction; and here it cannot be

pretended that the records of these confessions of judgment showed on their face any want of jurisdiction, as they certainly did not show that Steadman was not a resident of Orangeburg County. In the other case—*Woods* v. *Bryan*—the record of the judgment showed on its face a lack of jurisdiction, and hence that case is not applicable.

We cannot say, therefore, that there was any error on the part of the Circuit Judge in remitting these parties to an attack upon these confessions of judgment for lack of jurisdiction not appearing on their face in a direct proceeding for that purpose. But we must not be understood as saying or even intimating that a judgment *by confession* is void because it is entered in a county in which the judgment debtor does not reside at the time of its entry.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.