## 9207

### SMITH *ET AL.* v. BYERS *ET AL.*

(86 S. E. 481.)

SALE OF LANDS FOR PAYMENTS OF DEBTS. PARTIES. EXECUTORS AND ADMINISTRATORS. DEVISEES. PRESUMPTION AS TO POSSESSION.

1. JUDGMENTS — EXECUTORS AND ADMINISTRATORS — DEVISEES. — Where lands of a testator have not passed into the actual and exclusive possession of devisees, at the time a judgment is obtained against the executor upon a debt of their testator, in action to which the devisees were not parties, they may be sold under execution issued on such judgment.

2. REAL PROPERTY—PRESUMPTION AS TO POSSESSION.—Where a devisee, who is also executor, is in possession of lands of the testator, he must be regarded until the debts of the estate are paid to be holding

as executor for the protection of creditors as well as for the benefit of the estate.

3. REAL PROPERTY—ESTATE LANDS—SALES FOR PAYMENT OF DEBTS—PARTIES.—Devisees who have never acquired possession of lands devised to them, but in the possession of the executor, are not necessary parties to an action to sell the lands for payment of the testator's debts.

Before DEVORE, J., Winnsboro, Spring term, 1914. Affirmed.

Action by Hattie S. Smith, William M. Clark, W. H. Clark, Kathryne E. Poole, Mamie E. Wright, J. Austin Clark and James B. Clark against Frances C. Byers, John B. Clark and John M. Glenn. From a judgment dismissing the complaint, the plaintiffs appeal. J. A. Clark, executor and devisee for life, died in 1908. The other facts are stated in the Circuit decree, as follows:

This case was heard by me at Spring term of Court for the above county, 1914. The action is one for partition of land in the usual form.

The answer of the several defendants deny the right of plaintiffs to have the land, described in the complaint, partitioned, on the ground that they have no interest whatsoever in the land, and also set up the plea and right of subrogation and the right and plea for improvements, etc.

It was referred to a special referee to take the testimony in the case and report to this Court. The record and documentary evidence in the case, and reported, is very voluminous, while the verbal evidence is rather short.

Without going into details, I find from the documentary evidence that Henry Clark is the source from whom all the parties to the suit claim. He died in 1879, leaving a will, probated February 12, 1879. By the will, J. A. and W. A. Clark were appointed executors, and duly qualified and assumed their duties as such. By the terms of the will the land involved in this suit was devised to J. A. Clark during

his natural life, and at his death to be equally divided among all the minor heirs at the present date, that the heirs at that date were the plaintiffs and defendants. That W. A. Clark, on July 26, 1871, was appointed guardian of Frances C. Clark and J. B. Clark, and executed a bond for each, with Henry Clark and J. A. Clark as sureties on each of said bonds; that an accounting was had between the guardian and the two wards, and on the 21st of May, 1891, the probate Judge rendered a judgment against the guardian for $1,198.72 in favor of Frances C. Clark, and $1,723.56 in favor of J. B. Clark, and for the costs; that soon thereafter, the Judge of probate commenced action for the benefit of Frances C. and J. B. Clark against W. A. Clark and Jas. A. Clark individually and as executors of the estate of Henry Clark, for the recovery of the amounts found to be due Frances C. and J. B. Clark by their guardian; these actions were tried in Laurens county, the place of residence of W. A. Clark, and judgment was obtained in both actions amounting in the aggregate to $3,121.25, in favor of Frances C. and J. B. Clark. Said judgments were duly entered of record in Laurens county, and transcribed to Fairfield county, on March 8, 1892; that the land involved was mortgaged to J. C. Herring by J. A. Clark, mortgage foreclosed and land bought by Herring, that Herring's claim to the land was set aside and decreed to be null and void, on account of fraud, etc. This has nothing to do with the case, as it stands as if Herring had never had a mortgage, same having been declared null and void.

On August 10, 1894, executions were issued under the judgments obtained, as above stated, against the executors of Henry Clark, and against the same parties individually and the lands involved here, sold by the sheriff and purchased by C. E. Spencer, who conveyed the 310-acre tract to John M. Glenn, one of the defendants, and the 600-acre tract to Frances C. Clark, now Byers, another of the defendants.

So far as argument of counsel is concerned and the records themselves, they are regular. The above is in substance a statement found to be true from the record and documentary evidence. Now as to the law. The plaintiffs' contention is that the land could not be sold and subjected to the payment of the debts of Henry Clark, without making his heirs or devisees parties to a proceeding or action for that purpose.

The defendants' contention is, that by and under the judgments obtained against W. A. and J. A. Clark, as executors of Henry Clark, and individually, as above shown, and the sale under the same, they have a perfect title to said lands.

The law as stated in the case of *D'Urphey* v. *Nelson,* 3 S. C. L. (1 Brev.) 289, and modified in *Huggins* v. *Oliver,* 21 S. C. 147, is, that the lands of a deceased person may be sold under judgments against his personal representatives, unless the heir or devisees can show that he had acquired the actual and exclusive possession before such judgment was obtained against the executor or administrator, if this is shown, then the lands so in his possession cannot be sold for the debts, until he has had an opportunity to defend. The above rule has been followed invariably by a number of decisions of the Supreme Court. The verbal evidence does show that J. A. Clark was in possession of this land while he was both executor and life-tenant devisee, under the will, but the evidence is silent as to the capacity in which he was in possession and holding. This being so, the law will treat him as being in and holding in the capacity of executor, it being his duty to take charge of the estate for its protection and benefit, as well as for the protection and benefit of the creditors of Henry Clark, deceased, in fact, he was the testator, Henry Clark, in possession and he could not claim any rights inconsistent with his duty. He must under the law be regarded as in possession and holding as executor until the debts are

paid. *Roberts* v. *Smith,* 21 S. C. 455; *Hendrix* v. *Holden,* 58 S. C. 495, 36 S. E. 1010.

The evidence does not show that any of the plaintiffs were ever in possession of the land, but they contend that J. A. Clark was in as life-tenant devisee, and in this way held possession, which made it necessary for the plaintiffs to be made parties to an action or proceeding for the purpose of subjecting the lands to the payment of the debts. This contention is in conflict with the last above statement and authorities cited and cannot be sustained. Again, J. A. Clark was either in as life-tenant devisee, or as executor (the law regards him in as executor), but suppose he was in as life-tenant devisee, in the absence of testimony to the contrary, it must be assumed that he was there for the purpose of using the land for his own benefit, reaping and getting from it whatever he could as an income, which he had a right to do, as life tenant, and his right to the possession excluded every one else from entering, so long as he lived, and this he did according to the evidence, so he was not and could not have been in possession holding for the benefit of the plaintiffs, or any one, except himself, because the plaintiffs were excluded from possession, and the evidence is they were never in possession. Clark's possession, therefore, could not in any way subserve the plaintiffs.

Now, while Clark was in possession, whether as executor or devisee, the judgments under which the land was sold were obtained in actions to which J. A. Clark was a party as executor and individually, hence he was made a party to the very action which was to subject his interest (at least) as devisee (life tenant) in this land to pay the debts of the deceased, hence he nor any one claiming under or through him can complain. He is bound by the judgments.

The plaintiffs never having been in possession at any time, are concluded by the law, as above stated. It is my opinion under all the evidence, facts and circumstances to be gathered therefrom, that the complaint should be dismissed,

and the defendants adjudged to have the title to said lands involved in this action, and it is so ordered. Having reached this conclusion, it is unnecessary to consider the other pleas and defenses of the defendants.

The plaintiffs appeal on the following exceptions: .

1. Because the Court erred, it was respectfully submitted, in holding under the testimony in the case that J. A. Clark was in possession of the premises in question as executor of the will of Henry Clark, deceased; the error being that the uncontradicted testimony shows that James A. Clark, the life tenant, entered upon the premises as devisee under the will, managed and controlled them as such devisee, paid the taxes thereon in his individual name, mortgaged the premises and in every way exercised ownership not as executor, but as such devisee.

2. Because the Court erred as a matter of law in holding that the law would presume the devisee, J. A. Clark, to hold the premises as executor until all the debts of the estate were paid, and in holding that the evidence was silent as to the capacity in which he was in possession in holding the premises; the error being that there was an abundance of uncontradicted testimony showing that the devisee, James A. Clark, while he qualified as executor, that he never performed any of his duties as such, but on the contrary, entered upon the premises as devisee under the will and managed and controlled them as his own, in no way accounting to the estate for the use thereof by paying rents or any profits thereon in any manner recognizing his executorship.

3. Because the Court erred in holding that the mortgage given by James A. Clark to Herring had nothing to do with the cause and stands as if Herring had never had the mortgage, the same having been declared null and void; the error being that the plaintiffs were not parties to the action to set the same aside, nor did the devisee, James A. Clark, or Herring make any answer in the cause, the said judgment having

been entered by default and instead of its having nothing to do with the case, is conclusive evidence to show that the devisee, James A. Clark, was claiming and holding the land as his own and exercising acts of ownership over it in his individual capacity and not as executor.

4. Because the Court erred in holding that the plaintiffs and the minor defendants at the date the sale was made had never been in possession of the premises and had no right to be made parties to the suit brought to subject them to the judgments in favor of the defendants, Fannie Byers and J. D. Clark; the error being that the evidence shows conclusively that James A. Clark, the life tenant, was in possession of the land as such life tenant and immediately upon his entering possession as such life tenant his possession accrued to the benefit of the remaindermen, who had no right to enter until his death, and because of such right and benefit accruing therefrom the plaintiffs should have been made parties the same as if they had been in the actual possession of the premises, they having the right to rely upon his possession as life tenant.

5. Because the Court erred in holding that J. A. Clark, having been made a party to the suits under which the premises were sold both in his individual capacity and as executor, that the plaintiffs were bound thereby; the error being that immediately upon the possession of the lands passing into the hands of the life tenant as devisee the fee of the remainder vested in the remaindermen and could be divested only by a suit in which they were made parties.

6. Because the Court erred in holding that under the facts and circumstances in the case the complaint should be dismissed and the defendants adjudged to have title to the lands involved in this action; the error being that the uncontradicted testimony shows that the life tenant entered into possession of the premises immediately upon the death of his testator, he, together with his assignee, Herring, and held the same for a period of from fifteen to sixteen years and imme-

diately upon his death the plaintiffs each became vested with right to the possession of a one-ninth (1-9) interest in the premises and under the law is each entitled to hold his interest in severalty and the Court should so have held.

7. Because the Court was in error in failing to find that the plaintiffs were entitled to have the defendants, Fannie C. Byers and John M. Glenn, account to them for the rents and profits derived from the premises since the death of the life tenant; the error being that the testimony shows conclusively that such holding by the defendants was unlawful and without legal title of the right to the possession of the interest of plaintiffs having vested in the defendants under which circumstances the plaintiffs were entitled as a matter of right to have the defendants account to them for such use of the premises.

8. Because the Court erred in dismissing the complaint in said action and in holding that the plaintiffs have no interest in the premises when the testimony shows conclusively that they did have such interest and have never been divested of same in any suit to which they were parties and in denying to them the right to have the premises partitioned as provided by law.

*Messrs. Gibson & Muller* and *McDonald & McDonald,* for appellants, cite: 1 Brev. 289; 2 Hill L. 579; 6 S. C. 361; 60 S. C. 322; 24 S. C. 417; 1 S. C. 197; 6 S. C. 146; 19 S. C. 166; 204 Fed. 407. *Distinguished:* 21 S. C. 455; 58 S. C. 515.

*Messrs. Spencer & Spencer,* for respondent, submit: *Findings that the executors were in possession, and that possession had not passed to the devisees exclusively, are on the facts, and this being a legal issue, are not reviewable. Here plaintiffs are seeking to oust defendants of their sole possession. Cases distinguished:* 60 S. C. 322; 204 Fed. 407. *The possession of an executor devisee must be referred to*

*his capacity as executor until debts are paid:* 21 S. C. 455; 58 S. C. 515; 10 S. C. 354, 368.

*Mr. Glenn W. Ragsdale,* also for respondent, cites: 21 S. C. 147; *Ib.* 455; 10 S. C. 368; 58 S. C. 495; 15 S. C. 149.

September 30, 1915.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

For the reasons assigned by his Honor, the Circuit Judge, the judgment of the Circuit Court is affirmed.

MESSRS. JUSTICES WATTS and GAGE concur in the opinion of the Court..

MR. JUSTICE HYDRICK.   I concur in the result, because I do not agree to the proposition that the exclusive possession of a life tenant may not inure to the benefit of remainder-men.

MR. JUSTICE FRASER was disqualified, and did not sit in this case.