### TOLBERT v. ROARK

(119 S. E., 571)

1. JUDGMENT—JUDGMENT AGAINST EXECUTOR BINDING UPON LEGATEES AS PRIVIES.—A judgment against an executor is conclusive as to, and binding upon, legatees as privies of the executor.

2. EXECUTORS AND ADMINISTRATORS—LANDS NOT IN POSSESSION OF HEIRS OR DEVISEES CAN BE SOLD UNDER JUDGMENT AGAINST DECEDENT'S PERSONAL REPRESENTATIVE.—Lands of a decedent which are not in the actual and exclusive possession of the heirs or devisees at the

NOTE: On liability of heirs for obligations of ancestor, see note in 21 L. R. A., 89.

time of the recovery, on account of a debt of the decedent, of a
judgment against his personal representative alone, are impressed
with a lien of the judgment, and may be lawfully sold thereunder.

3. EXECUTORS AND ADMINISTRATORS—EXECUTOR ONLY PROPER PARTY
DEFENDANT IN ACTION ON CLAIM AGAINST TESTATOR, LAND NOT
HAVING PASSED TO DEVISEES.—Where the lands of a testator at the
time of recovery of a judgment against executor have not passed
into the actual and exclusive possession of the devisee, executor
is the only proper party defendant in an action on a claim against
testator.

4. JUDGMENT—DEVISEE IN POSSESSION OF LAND NOT BOUND BY JUDG-
MENT AGAINST EXECUTOR.—A devisee in actual and exclusive pos-
session of the land at the time of a recovery of a judgment against
executor is not bound or concluded by the judgment.

5. EXECUTORS AND ADMINISTRATORS—HEIR OR DEVISEE CLAIMING TO BE
IN POSSESSION OF LAND ENTITLED TO BE JOINED AS DEFENDANT IN
ACTION AGAINST PERSONAL REPRESENTATIVE; "INTEREST IN CON-
TROVERSY ADVERSE TO CREDITOR."—The heirs or devisees in, or claim-
ing to be in, the actual and exclusive possession of land of a
deceased debtor. have such an interest in the controversy adverse
to creditor as entitles them under Code Civ. Proc. 1922, § 361, to be
joined as proper parties defendant in an action by a creditor against
decedent's personal representative.

6. EXECUTORS AND ADMINISTRATORS—SALE UNDER JUDGMENT AGAINST
EXECUTOR MAY BE ENJOINED BY DEVISEES IN POSSESSION TO PREVENT
CLOUD ON TITLE.—Though devisees in possession of the land are
not bound by a judgment against the executor, a sale of the
land thereunder might eventuate in such a cloud on their title as
would entitle them to maintain a suit to enjoin the sale; this not
being an attack on the judgment.

7. JUDGMENT—"COLLATERAL" WITHIN RULE PROHIBITING COLLATERAL
IMPEACHMENT FOR DEFECT NOT APPARENT ON RECORD DEFINED.—
Generally all attacks upon a judgment involving an examination
of evidence de bors the record of the cause wherein the judgment
was rendered should be regarded as collateral within the rule that
a judgment may not be collaterally impeached for a defect or in-
firmity not apparent on the face of the record.

8. JUDGMENT—PROPER REMEDY FOR DEFECT NOT APPARENT IN RECORD
IS BY MOTION.—The proper remedy in attacking a judgment for a
defect not apparent upon the face of the record is by a motion in
the cause before the Court in which the judgment was recovered.

9. JUDGMENT—SEPARATE SUIT ATTACKING VALIDITY OF JUDGMENT NOT
MAINTAINABLE UNLESS REMEDY NOT AVAILABLE IN ORIGINAL CAUSE.—
Unless the relief sought by a separate suit attacking the validity

of a judgment involves the determination of issues of fact by a mode of trial or the application of some equitable remedy not available by a motion in the original cause, it is such a collateral attack as may not be maintained.

10. JUDGMENT—COMPLAINT ATTACKING VALIDITY OF JUDGMENT HELD NOT TO DEMAND RELIEF NOT AVAILABLE IN ORIGINAL ACTION.—A Complaint demanding an injunction staying execution and opening a default judgment to allow plaintiffs to intervene as parties to the original action, does not involve the application of any equitable remedy not available by a motion in the original action and hence cannot be maintained.

11. FRAUD—NOT IMPLIED FROM LEGAL ACTS.—Where one acts within his legal rights, fraud will not be implied.

Before SEASE, J., Pickens, December, 1922. Reversed.

Action by J. W. Tolbert and others against R. R. Roark as Sheriff of Pickens County and others. From an order unfavorable to defendants they appeal.

*Messrs. Carey & Carey* and *C. E. Robinson,* for appellants, cite: *Liability of lands of testator for his debts:* 40 S. C., 255; 72 S. C., 501; 102 S. C., 217. *Collateral attack on judgment cannot be maintained:* 13 S. E., 651; 46 S. C., 474; 29 S. E., 76; 23 S. C., 954; 77 S. C., 394; 90 S C., 557; 112 S. C., 429. *Judge cannot set aside judgment at chambers:* 22 S. E., 445; 24 S. E., 989; 77 S. C., 90. *Note may be sued on where mortgage which secures it is barred:* 18 S. C., 473. *Parties not same:* 70 S. C., 69; 53 S. C., 155.

*Messrs. Whaley, Barnwell & Grimball* and *W. H. Nicholson,* for respondents, cite: *When third parties may collaterally attack judgment:* 15 R. C. L., 857; 90 S. C., 561; 46 S. C., 490.

October 24, 1923.

The opinion of the Court was delivered by MR. JUSTICE MARION.

Mrs. Lena Cox recovered, October 3, 1922, in the Court of Common Pleas for Pickens County, a judgment by default

against E. F. Looper, as executor of the will of Mrs. Lizzie
C. Looper.    Execution thereon was issued, and certain land,
of which testatrix died seized, was levied upon and adver-
tised for sale by the Sheriff of Pickens County on salesday,
December 4, 1922.    On November 29, 1922, this action was
brought by certain of the remaindermen under the will of
Lizzie C. Looper against R. R. Roark, as Sheriff, E. F.
Looper, Mrs. Lena Cox, and others, seeking to enjoin the
sale of the land under the execution in the hands of the
Sheriff and to open the judgment in the case of *Cox v.
Looper* to the end that the plaintiffs be given opportunity to
protect their interests in that cause.

The complaint alleges, in substance:    (1) That E. F.
Looper is the executor of the will of Mrs. Lizzie Looper;
(2) that by the terms of Mrs. Looper's will the land about
to be sold was devised to her husband, the said E. F. Looper,
for his life or widowhood, and at his death or remarriage
to her children, etc., among whom are these plaintiffs; (3)
that the judgment obtained by Mrs. Cox was upon notes
originally given by Mrs. Looper and secured by a mortgage
of the land devised as aforesaid; (4) that in August, 1922,
E. F. Looper had brought action against these plaintiffs
(presumably as the owner and holder in his individual right)
to foreclose the mortgage securing the notes in question;
(5) that Mrs. Cox claims to have purchased the said notes
from E. F. Looper and knew or should have known of the
pendency of the action by Looper against these plaintiffs and
others, in which the validity of the "said paper" was being
contested; (6) that the Cox judgment was hurriedly taken
without the plaintiff's knowledge, during the pendency of
Looper's action against them, and that the executor joined
with and assisted Mrs. Cox in securing the judgment; (7)
that the plaintiffs have a good defense (not set out) against
the cause of action on the notes; (8) and that E. F. Looper
is about to marry again and is endeavoring to convert the

land involved to his own use without a proper accounting and without regard to the rights of the remaindermen.

Pursuant to four days' notice to show cause, directed to the defendants, Roark, Sheriff, E. F. Looper, and Mrs. Lena Cox, who are the appellants here, Judge Sease, at Spartanburg, outside the Circuit in which the action was brought, granted the order appealed from: (1) Enjoining the sale of the land; (2) opening and setting aside the judgment in *Cox v. Looper;* and (3) authorizing the parties at interest to file answers in the said cause of *Cox v. Looper.*

The first question raised by the appeal is thus stated by appellants' counsel:

"Is the judgment in the case of *Mrs. Lena Cox v. E. F. Looper, Executor,* valid against the estate of Mrs. Lizzie Looper? If so, were her heirs, the remaindermen under her will, necessary or proper parties to that action?"

There can be no doubt that in so far as is disclosed by the appeal record the default judgment rendered in the case of *Mrs. Lena Cox v. E. F. Looper,* as executor of the last will and testament of Mrs. Lizzie C. Looper was on its face a valid judgment *de bonis testatoris.* As such it was conclusive as to and binding upon the parties and their privies. 24 C. J., 893, § 2225. Since the legal title to a decedent's personalty, which is primarily liable for the payment of decedent's debts, passes to his personal representative, a judgment against an executor is conclusive as to and binding upon the legatees as privies of the executor. *Fraser v. Charleston,* 19 S. C., 384, 401. And see *McNair v. Howle,* 123 S. C., 252; 116 S. E., 279.

While the legal title to a decedent's real estate does not pass to the personal representative, but vests in the heirs at law or devisees, nevertheless under the settled law of this jurisdiction (*DeUrphey v. Nelson,* 1 Brev., 289. *Huggins v. Oliver,* 21 S. C., 147. *Brock v. Kirkpatrick,* 60 S. C., 322; 38 S. E., 779; 85 Am. St. Rep., 847. *McNair v. Howle, supra*) lands of a decedent which

are not in the actual and exclusive possession of the heirs or devisees at the time of the recovery, on account of a debt of the decedent, of a judgment against the personal representative alone, are impressed with the lien of such judgment and may be lawfully sold thereunder. It follows that such a judgment, in so far as real estate of the testator which had not passed into the actual and exclusive possession of the devisee is concerned, would be *prima facie* binding and conclusive upon a devisee as well as upon a legatee.

In such case, where the lands of the testator at the time of recovery of judgment against the executor have not passed into the actual and exclusive possession of the devisee and hence, in contemplation of law, are in the possession of the executor as assets for the payment of the testator's debts, as was said in *McNair v. Howle, supra,* "the personal representative of the deceased debtor 'is the only necessary or even proper party.' "

And even if at the time of the recovery of the judgment against the executor the lands of the testator have passed into the actual and exclusive possession of the devisee, still the devisee would not be a necessary party to the creditor's action against the executor for the reason that as a devisee in actual and exclusive possession of the land he would not be bound or concluded by such judgment In that situation, in the language of Chancellor Dunkin in *Bird v. Howze,* Speers, Eq., 250:

"The cause of action must be established against the heir [or devisee], and he is not bound by a judgment against the executor or administrator." *Gilliland v. Caldwell,* 1 S. C., 194. *McNair v. Howle, supra.*

If, therefore, having recovered judgment against the executor, the creditor then seeks to subject lands of the testator, in the actual and exclusive possession of the devisee at the time of the recovery of the judgment, to the payment thereof, the devisee, not being bound by the judgment against the executor, is entitled to his day in Court and is a neces-

sary party to any action or proceeding to subject such lands to the payment of the judgment. *McNair v. Howle, supra; Wilson v. Kelly,* 19 S. C., 160.

But because the devisee or heir in actual and exclusive possession of the deceased debtor's lands is not a necessary party to an action by the creditor against the personal representative, since a judgment in such action would not be binding upon him, still it does not follow that the heir or devisee in possession may not be a proper party to the action by the creditor. The very fact upon which the efficacy of the judgment against the personal representative to bind the lands of the decedent turns may be in dispute, viz., whether the heir or devisee is in actual and exclusive possession. There would seem to be no good reason for requiring the heir or devisee who claims to be in actual and exclusive possession of the land to await the rendition of judgment against the personal representative, and an attempt to enforce same by execution upon the land, before he may establish judicially the disputed fact of his actual and exclusive possession, and assert his right to have the creditor's demand satisfied out of any available personal estate in the hands of the personal representative, the primary fund for the payment of decedent's debts. And where, as in *McNair v. Howle, supra,* there is no dispute as to the actual and exclusive possession of the real estate by the heir or devisee, but the personal assets coming into the hands of the personal representative have been exhausted and the lands constitute the only remaining assets for the payment of decedent's debts, in an action by a creditor against the administrator and heirs at law jointly upon a demand which had not been theretofore established against the personal representative, this Court held that the personal representative was a necessary party and said:

"We see no valid objection to the maintenance of such an action as that at bar by a creditor, against the personal

representative and the heirs at law jointly."    See *Lowry v. Jackson,* 27 S. C., 318; 3 S. E., 473.

We are, therefore, of the opinion that the heir at law or devisee in, or claiming to be, in actual and exclusive possession of the real estate of a deceased debtor has such "an interest in the controversy adverse to the plaintiff" creditor (Section 361, Code Civ. Proc., 1922) as entitles him to be joined as a proper party in an action by such creditor against the personal representative.

In the case at bar, if the plaintiffs as devisees under the will of Mrs. Looper were, or claimed to be, in actual and exclusive possession of the real estate which Mrs. Cox proposed to subject to the payment of her demand against the testatrix, then they were proper parties to the action of *Cox v. Looper,* as Executor, and might have been joined as parties, or upon such sufficient showing as would entitle them to open the judgment recovered they might still be made parties to that action.    Upon the theory, however, that these plaintiffs were as devisees, in contemplation of law, in the actual and exclusive possession of the lands which Mrs. Cox now seeks to subject to the payment of her judgment, it is obvious that no necessity really exists for their intervention in the case of *Cox v. Looper, Executor,* since if they were in fact in possession of this real estate at the time of the recovery of the judgment such judgment was not binding upon them, and an attempted sale of the land under the judgment would as to them be a nullity. While in such circumsances the devisees in possession would be in no actual danger from the judgment, nevertheless a sale thereunder might eventuate in such cloud on the devisees' title as would entitle them to maintain a suit in equity to enjoin the sale of the land under execution (*Trustees of University of South Carolina v. Trustees of Academy of Columbia,* 85 S. C., 556; 67 S. E., 951, and cases cited), and such suit would in no sense be an attack, direct or collateral, upon the judgment.

But the action at bar is not predicated upon the theory that the plaintiffs prior to or at the time of the recovery of the judgment in *Cox v. Looper,* as Executor, were in the actual and exclusive possession as devisees of the real estate sought to be sold under execution. It is not alleged that these plaintiffs were in possession, or that E. F. Looper was in possession, not as executor, but as life or widowhood tenant, under conditions of fact which would render inapplicable in equity .the rule applied in *Smith v. Byers,* 102 S. C., 215; 86 S. E., 481, and would warrant the application of the doctrine that the possession of E. F. Looper as a life or widowhood tenant under the will was, *sub modo,* the possession of the remaindermen. See *Swan v. Ligan,* 1 McCord, 227. *Joyce v. Gunnels,* 2 Rich. Eq., 259. *Clarke v. Saxon,* 1 Hill, Eq., 69. *Horry v. Glover,* 2 Hill, Eq., 515. In the absence of such allegations of fact, it follows that under the settled rule in this State (*DeUrphey v. Nelson, supra. Huggins v. Oliver, supra*), which, however erroneous in principle, may not now be safely departed from (*Wilson v. Kelly, supra*), the plaintiffs in this action not claiming to be in actual and exclusive possession of the real estate as devisees under the will, at the time of the recovery of the judgment in *Cox v. Looper, Executor,* were neither necessary nor proper parties to that action. In so far as that point is raised by appellants' exceptions 1, 6 and 8, their contention must be sustained.

This brings us to appellants' second contention that 7, 8 the suit at bar is a collateral attack upon the judgment in *Cox v. Looper, Executor,* and as such may not be maintained: There can be no doubt under our decisions' that, generally speaking, all attacks upon a judgment which involve an examination of evidence *de hors* the record of the cause wherein the judgment was rendered should be regarded as collateral for the purpose of applying the rule that a judgment may not be collaterally impeached for a defect or infirmity not apparent on the face of the record,

15—S. C.—126.

defect not apparent upon the face of the record is by a motion in the cause, and before the Court in which the judgment was recovered." *Reese v. Meetze,* 51 S. C., 333; 29 S. E., 73. *Crocker v. Allen,* 34 S. C., 452; 13 S. E., 650; 27 Am. St. Rep., 831. *Drake v. Steadman,* 46 S. C., 474; 24 S. E., 458. *Kirk v. Duren,* 45 S. C., 597; 23 S. E., 954. *Kaylor v. Hiller,* 77 S. C., 394; 58 S. E., 2. *Life Ins. Co. v Mobley,* 90 S. C., 557; 73 S. E., 1032. *Barnes v. Levy,* 112 S. C., 429; 100 S. E., 169.

Under the line of cases cited we think the conclusion is warranted that unless the relief sought by a separate suit involves the determination of issues of fact by a mode of trial, or the application of some equitable remedy, not available upon or by motion in the original cause, such separate suit will, under the view prevailing in this State, be regarded as such a collateral attack as may not be maintained. The judgment here involved is attacked upon grounds *de hors* the record, and the relief sought is and "that the proper remedy in attacking a judgment for any an injunction staying execution and the opening of the judgment in *Cox v. Looper,* as Executor, for the purpose of allowing the plaintiffs to intervene as parties to that action. The relief thus sought does not involve the application of any equitable remedy not available upon or by motion in the cause of *Cox v. Looper, Executor. Crocker v. Allen, supra; Life Ins. Co. v. Mobley, supra;* 15 R. C. L., 748, § 201. Nor does it appear that the issues of fact involved could not be satisfactorily determined upon motion or that resort to the remedy by motion in the cause would deprive the plaintiffs of a mode of trial to which they would otherwise be entitled. Section 754, subd., 7, and Section 593, Subd., 3, Code of Civ. Proc., 1922. *Jones v. Mining Co.,* 79 S. C., 47, 54, 60 S. E., 35. Aside, therefore, from any question as to the right of these parties to intervene as parties in *Cox v. Looper, Executor,* or as to the sufficiency of the showing made to vacate the judgment upon that theory, and assuming

that the facts alleged would warrant the relief sought, since to obtain such relief the plaintiffs had an adequate remedy by motion in the cause of *Cox v. Looper*, as Executor, we think appellants' point that this action could not be maintained as a separate suit in equity is well taken.

Since under the foregoing views the order appealed from was erroneously granted and must be reversed, it becomes unnecessary to consider the appellants' third contention that the Circuit Judge was without jurisdiction at chambers to vacate the judgment. See, in this connection, however, amendments now a part of Section 35, Code Civ. Proc., 1922.

If, under the views announced in this discussion of the points disposed of, the plaintiffs in the action at bar are in position to establish facts which would entitle them in equity to the status of devisees in actual and exclusive possession of real estate at the time of the recovery of the judgment in *Cox v. Looper, Executor,* as proper parties to that action they would on motion in that cause upon a sufficient showing be entitled to vacate that judgment and intervene in that cause; or, upon a basis of fact establishing their status as devisees in actual and exclusive possession, on the theory that they were not bound by the judgment in *Cox v. Looper, Executor,* but that a sale of the land under execution would result in a cloud on their title, they would be entitled to maintain a separate suit in equity to enjoin any sale purporting to affect their title, pending the establishment of Mrs. Cox's judgment claim and her right to subject this land to its payment, in an action to which they are parties.

In the printed argument of respondents there is a bare suggestion that the action at bar should be sustained as a collateral attack on a judgment for fraud. While the allegations of fact contained in the complaint are susceptible of an inference that the executor acted from ulterior and improper motives, the facts definitely alleged are equally consistent with an inference that he did no more than

he had a legal right to do.   Where one acts within his legal rights, fraud will not be implied.   We think the complaint hardly measures up to the requirements where actionable fraud is attempted to be set up.   But, if so, since the relief sought, viz., the opening of the judgment and the stay of execution, was available by motion in the cause of *Cox v. Looper, Executor,* for the reasons stated above, there was no necessity for the separate action, and it could not be maintained.   We deem it proper to add, however, that if the plaintiffs were, not devisees in actual and exclusive possession of the land at the time of the rendition of the judgment in *Cox v. Looper, Executor,* and hence were neither proper or necessary parties to that action, we are not to be understood as holding that the rule of *DeUrphey v. Nelson, supra,* is to be carried to the extent of making them privies of the executor with respect to the application of the general rule that a judgment cannot be impeached for fraud by a party or privy to it.  See 15 R. C. L. 885, §§ 329, 331. *Wilson v. Kelly, supra.*   Nor are we to be understood as holding that upon a proper factual basis of fraud the plaintiffs would not be entitled to maintain a separate suit in equity, nor to vacate or annul the judgment in *Cox v. Looper, Executor,* but to enjoin any attempted sale under the judgment of their remainder interests in the said land, pending the establishment of Mrs. Cox's claim and her right as a creditor of the estate of Mrs. Looper to subject their interest in remainder to the payment of the alleged debt of the testatrix in an action to which they are parties. .  Such a suit in equity, proceeding upon the theory that the judgment in *Cox v. Looper, Executor,* was valid and enforceable as to the actual parties to that action, but that facts existed which would make its enforcement against the devisees in remainder as privies or *quasi* privies of the executor a fraud upon their rights, against which a Court of equity should grant appropriate relief (see *Drake v. Steadman,* 46 S. C., 490; 24 S. E., 458.  *Ruff v. Elkin,* 40 S. C., 69; 18 S. E., 220; 15 R.

C. L. §§ 329, 331), would present a different question, not properly raised by this appeal.

It is accordingly adjudged that the· order appealed from be reversed, without prejudice to the rights of the respondents to make a motion in the cause of *Cox v. Looper, Executor,* or to amend their complaint in this action or to bring another action, as they may be advised.

Reversed.

MESSRS. JUSTICES WATTS, FRASER and COTHRAN concur.

MR. CHIEF JUSTICE GARY did not participate.